UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:13-CR-00014-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LLOYD ANTONI MCKNIGHT, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by former United States Magistrate Judge Robert E. Wier. [R. 40.] Defendant Lloyd Antoni McKnight has been charged with two violations of his supervised release for use of cocaine. *Id*. at 1–2.

Mr. McKnight was sentenced in this Court to forty-two (42) months imprisonment for distribution of oxycodone and possession of a firearm. [R. 27.] He began his three-year term of supervised release on February 25, 2016.

According to the Supervised Release Violation Report (the Report) issued by the United States Probation Office (USPO) on April 2, 2018, Mr. McKnight submitted a urine sample that tested positive for cocaine metabolite. [R. 40 at 1–2.] Mr. McKnight then admitted use of cocaine. The Report charges him with Violation #1 for violating Standard Condition #7, which prohibits him from any unlawful use of a controlled substance, a Grade C Violation, and Violation #2 for committing another federal, state, or local crime, a Grade B Violation.

Possession of cocaine[1] is a Class E Felony.  21 U.S.C. § 844(a).

Upon his initial appearance before former Magistrate Judge Robert E. Wier on May 9, 2018, the United States did not seek interim detention, and Judge Wier placed him on home detention pending final hearing.  [R. 38.]  On May 21, 2018, Judge Wier held a final revocation hearing, where Mr. McKnight competently entered a knowing, voluntary, and intelligent stipulation to the violation.  [R. 39.]  Subsequently, Judge Wier prepared a Report and Recommendation, which evaluates the relevant 18 U.S.C. § 3553 factors.

With Mr. McKnight's criminal history category of IV and a Grade B violation,[2] Judge Wier calculated his Guidelines Range to be twelve (12) to eighteen (18) months.  [R. 40 at 3.]  Although this is the first request from USPO to revoke Mr. McKnight's release, this is not his first violation.  In late 2017, he was arrested for speeding, reckless driving, operating a motor vehicle under the influence of alcohol, and possession of an open alcohol container.  In accordance with the recommendation from USPO, this Court required him to enroll in Alcoholic Anonymous, but did not revoke his release.

After consideration of the nature and circumstances of Mr. McKnight's conviction, as well as his history and characteristics, Judge Wier found revocation to be appropriate in this case.  [R. 40 at 4–5.]  Mr. McKnight's criminal history is significant, but his current circumstances suggest he has turned over a new leaf.  He has secured long-term, stable employment, is now engaged, and has recently purchased a home with his fiancée.  *Id*. at 4. During the period between initial hearing and final revocation hearing, Mr. McKnight had no

---

[1] The Sixth Circuit equates the use of a drug with possession of that drug.  *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995).
[2] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

condition compliance issues. *Id.* Accordingly, Judge Wier did not believe long-term incarceration was warranted in this situation. *Id.* Instead, he recommended six (6) months of home detention plus eight (8) weekends of incarceration and fifty (50) hours of community service to be completed before conclusion of his supervision. *Id.* at 5.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Wier's Report and Recommendation were filed within the appropriate time by either party. Mr. McKnight instead has filed a waiver of his right to allocution. [R. 41.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Wier's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1.      The Report and Recommendation [**R. 40**] as to Defendant Lloyd Antoni McKnight, is **ADOPTED** as and for the Opinion of the Court;

2.      Mr. McKnight is found **GUILTY** of Violation #1 and Violation #2;

3.      Mr. McKnight's Supervised Release is **REVOKED**;

4.      Mr. McKnight is hereby sentenced to the following:

a.       **Six (6) months of home detention** on the same terms imposed by Judge

Wier at the initial hearing [R. 38] along with the existing supervised release

conditions imposed by this Court at sentencing [R. 27];

b.       **Eight (8) weekends of incarceration** to be determined by the United

States Probation Office and United States Marshall Service in order to allow Mr.

McKnight to maintain his current employment; and

c.       **Fifty (50) hours of community service**, assigned by the United States

Probation Office, to be completed before the conclusion of supervision;

5.       Upon completion of the term of incarceration, Mr. McKnight is hereby sentenced

to a term of supervised release of **two (2) years** under the conditions previously imposed plus a

condition requiring participation in a treatment program addressing substance abuse and mental

health; and

6.       Judgment shall enter promptly.

This the 26th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge