**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LLOYD ANTONI MCKNIGHT,** )<br>)<br>)<br>**Defendant.** )<br>) | **NO. 3:13-CR-014-GFVT-MAS**<br><br>**RECOMMENDED DISPOSITION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant Lloyd Antoni McKnight ("McKnight"). On February 4, 2014, McKnight appeared before District Judge Gregory Van Tatenhove, and was sentenced to a 42-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charge of Distribution of Oxycodone and Possession of a Firearm by a Convicted Felon. McKnight's terms of supervision include:

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall not commit another federal, state, or local crime.

 [Judgment, DE 27].

**I.**

On October 30, 2018, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("Report") charging McKnight with violations of the conditions of his supervised release. Specifically, the Report states that on October 17, 2019, the USPO conducted

an unannounced home visit at the residence of McKnight. A urine sample was collected which tested positive for cocaine metabolite. McKnight subsequently acknowledged the use of the cocaine and voluntarily enrolled in a regimen of outpatient substance use disorder treatment. Per the United States Sentencing Guidelines, this constitutes a Grade C violation. McKnight's cocaine possession[1], with his prior drug conviction constitutes a violation of 21 U. S. C. Section 844(a), a Class E Felony, punishable by a term of imprisonment not to exceed two years. Per the United States Sentencing Guidelines, the latter offense is a Grade B violation.

The Court issued a summons, which was returned on November 13, 2019, unexecuted. [DEs 47,49]. Nonetheless, McKnight appeared the following day for his initial appearance. [DE 51].

## II.

The Court conducted an initial appearance on the alleged supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on November 14, 2019. [DE 51]. During the initial appearance, the Court advised McKnight of his constitutional rights and his right to a preliminary hearing. Because McKnight was not in custody, the Court found he was not entitled to a preliminary hearing under Fed. R. Crim. P. 32.1(b)(1)(A). The Court scheduled a final hearing on November 22, 2019, and McKnight was released on his previously imposed conditions of supervision pending the final hearing. [DE 51].

At the final hearing, the Court found McKnight to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, McKnight admitted the factual basis for the violations as described in the Report.

---

[1] "[F]or purposes of 18 U.S.C. [§] 3583(g), 'use' of a controlled substance constitutes 'possession' of the substance." *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995).

2

Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 52].

The parties agree that the United States Sentencing Guidelines outline a sentence of 12 to 18 months, with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). Further, should McKnight's supervised release be revoked, the Court can re-impose an additional term of supervised release, with a lifetime term being the maximum re-imposition based on McKnight's original offense. *See* 18 U.S.C. § 3583(h). The United States began by mentioning that revocation is mandatory due to McKnight's drug usage, unless substance abuse treatment would be effective. *See* U.S.S.G. § 7B1.4 n.6; 18 U.S.C. § 3583(g). The United States emphasized that McKnight is doing many things right: he has a supportive fiancée, an infant child, steady employment, and is overall a productive member to society. Nonetheless, the United States felt that any sanctions imposed on McKnight should equal 12 months, the minimum of the guideline range, due to McKnight receiving mild consequences for his previous violations. Specifically, the United States recommended a creative sentence consisting of three phases of sanctions: three months of imprisonment, three months of an inpatient drug treatment program, and then six months of home detention.

Counsel for McKnight agreed with the United States, that McKnight was making mostly right decisions, with the one caveat being repeated drug use. As a result, counsel emphasized that drug treatment is the most appropriate remedy for McKnight's shortcomings, citing 18 U.S.C. § 3583(g). While acknowledging McKnight was given a lenient judgement for prior violations, counsel stressed that McKnight was *not* provided drug treatment, which could very well be the missing ingredient to his full success. As a result, counsel requested McKnight serve out any time

3

imposed by the Court in a treatment facility. McKnight plead the same to the Court, requesting drug treatment for the sake of his family and job retention.

The United States moved for McKnight's interim detention; the Court, however, found it unnecessary. The Court released McKnight on his previously imposed conditions of supervision, emphasizing to McKnight that if he violated in the short time between the hearing the entering of the Recommendation, the consequences would likely be harsh.

The Court considered the arguments of the parties and took the matter under advisement.

## III.

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning McKnight's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

McKnight's original conviction is a Class C felony; under 18 U.S.C. § 3583(e) the maximum term of imprisonment the Court can impose upon revocation is 24 months. Of the alleged conduct by McKnight, the charge of cocaine possession is the most serious, being a Class E felony and Grade B violation. Accordingly, a Grade B Violation will be utilized for purposes of this proceeding. U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). The criminal history category established at sentencing is a Category VI.

In recommending a sentence, the Court must consider the nature and circumstances of McKnight's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). McKnight's charges involve the use of a controlled narcotic. The crimes McKnight

4

stipulated to at his hearing are those similar in nature to his original conviction and prior supervision violations.

When looking at McKnight's history and characteristics, he has a pattern of committing crimes of dishonesty. Since the age of 20, McKnight's history is riddled with escalating criminal history, with a pattern of substance abuse. Likewise, McKnight previously violated his supervision twice, once for alcohol abuse and the other cocaine use. "[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7 Pt. A(3)(b). McKnight, however, does have long-term stable employment, and a supportive family that, in theory, should motivate and assure compliance to his supervision conditions.

The Court's largest concern comes from looking at then-Magistrate Judge Wier's report and recommendation for McKnight's prior drug related violation. *United States v. McKnight*, No. 3:13-CR-14-GFVT-REW, 2018 WL 3134299, at *1 (E.D. Ky. May 22, 2018), *report and recommendation adopted*, No. 3:13-CR-00014-GFVT, 2018 WL 3130386 (E.D. Ky. June 26, 2018). Judge Wier offered McKnight leniency when revoking his supervision, sentencing McKnight to six months of home detention, eight months of weekend incarceration, and fifty hours of community service. *Id.* at *2-3. This was despite McKnight receiving a "break" for a prior violation, and Judge Wier hoping that this lesser sentence would be "McKnight's final wakeup call" in order to "preserve and build on the many positives in McKnight's life." *Id.* The Court agrees with Judge Wier, that McKnight's repeated failings despite the leniency has exhausted the Court's "good-will", and as a result, "serious punitive consequences" must be utilized. *Id.* at *3. Though the Court is sympathetic to McKnight's clear struggles with addiction, it cannot continue

5

to make empty threats, willfully ignoring McKnight's inability to "embrace and thrive in a law-abiding, fulfilling life." *Id.*

Here, McKnight proposes a sentence far below the Guidelines Range. Any such departure must find sufficient support in the record. *See Johnson*, 640 F.3d at 205-06 (explaining that courts must give specific reasons for deviating from the Guidelines Range and ensure that the extent of the deviation is justified). The Court finds no such support exists. McKnight was candid with the Court, stipulating and taking responsibility for his violations. The Court does not think McKnight's behavior deserves the guidelines maximum, but there must be some deterrent imposed to reprimand his misconduct and motivate behavioral change. Thus, a sentence of six months imprisonment, followed by three months of an inpatient drug treatment program, followed by three months of home detention, with no term of supervision to follow, is sufficient but not greater than necessary to punish and deter McKnight's conduct in violating his supervised release.

**IV.**

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) McKnight be found guilty of all violations;

(2) Revocation with a term of incarceration of six (6) months;

(3) Followed by three (3) months of an inpatient drug treatment program;

(4) Followed by three (3) months of home detention; and

(5) No term of supervision to follow.

McKnight preserved his right of allocution. [DE 52]. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended

6

decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 27th day of November, 2019.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge