UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:13-CR-00014-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LLOYD ANTONI MCKNIGHT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant McKnight's violation of supervised release. [*See* R. 45.] Magistrate Judge Matthew A. Stinnett issued a Recommended Disposition pursuant to Defendant's violation. [R. 53.] Judge Stinnett recommended incarceration for a period of six months followed by three months of an inpatient drug treatment program and three months of home detention, and no term of supervision to follow. [*Id*. at 7.] This Court adopts this recommendation in part and denies in part.

**I**

**A**

Judge Stinnett's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. Except for what the Court summarizes in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

Mr. McKnight was sentenced in this Court to forty-two (42) months imprisonment for distribution of oxycodone and possession of a firearm. [R. 27.] He began his initial three-year

term of supervised release on February 25, 2016. Although this is the second request from

USPO to revoke Mr. McKnight's release, this is not his second violation. In late 2017, he was

arrested for speeding, reckless driving, operating a motor vehicle under the influence of alcohol,

and possession of an open alcohol container. In accordance with the recommendation from

USPO, this Court required him to enroll in Alcoholic Anonymous, but did not revoke his release.

He violated the conditions of his supervised release again on April 2, 2018 when he submitted a

urine sample that tested positive for cocaine metabolite. [R. 40 at 1–2.] Mr. McKnight was

sentenced to six months of home detention, eight months of weekend incarceration, and fifty

hours of community service. [*Id*. at 2–3.]

Defendant McKnight most recently violated his supervised release on October 17, 2019

by submitting another urine sample that tested positive for cocaine metabolite. [R. 53 at 2.] Mr.

McKnight "acknowledged the use of the cocaine and voluntarily enrolled in a regimen of

outpatient substance use disorder treatment." [*Id*.] This is a Grade C Violation.

Defendant's criminal history is VI and his most recent conduct is a Grade C Violation.

The Report charges him with Violation #1 for violating Standard Condition #7, which prohibits

him from any unlawful use of a controlled substance, a Grade C Violation, and Violation #2 for

committing another federal, state, or local crime, a Grade B Violation. Possession of cocaine[1] is

a Class E Felony. 21 U.S.C. § 844(a). With Mr. McKnight's criminal history category of VI and

a Grade B violation,[2] Judge Stinnett calculated his Guidelines Range to be twelve (12) to

eighteen (18) months, with a statutory maximum of 24 months. [R. 53 at 3.]

---

[1] The Sixth Circuit equates the use of a drug with possession of that drug. *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995).

[2] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Judge Stinnett conducted an initial appearance on the alleged supervised release violation on November 14, 2019.  [R. 51.]  Defendant entered a stipulation to the charged violations at the final hearing on November 22, 2019, conducted by Judge Stinnett.  [R. 52.]  The United States recommended a sentence of three months of imprisonment, three months of an inpatient drug treatment program, and six months of home detention.  [R. 53 at 3.]  Counsel for McKnight requested that the Defendant serve out any time imposed by the Court in a treatment facility.  [*Id.* at 3–4.]

After hearing from the Defendant and analyzing the record, Judge Stinnett recommended revocation of Defendant's supervised release and six months imprisonment, followed by three months of an inpatient drug treatment program and three months of home detention, and no term of supervision to follow.  Defendant proposed a sentence below the Guidelines Range, which Judge Stinnett rejected.  He explained that no support exists for such a downward departure and this Court agrees with his reasoning.

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal.  In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).  A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy.  *Howard v. Secretary of Health*

*and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

McKnight made a timely objection to the Recommendation. [R. 55.] McKnight objected to the Magistrate Judge's recommendation of imprisonment for 6 months and requested an allocution hearing. [R. 55.] An allocution hearing was held pursuant to Defendant's request. [*See* R. 59.] Prior to the allocution hearing, Mr. McKnight submitted another urine sample that tested positive. Therefore, the Court did not rule on the pending Report and Recommendation, as the Court wanted to take time to review all new information and arguments made at the allocution hearing. McKnight's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Defendants' objection will be **OVERRULED**.

## II

## A

As to the Recommendation, Judge Stinnett appropriately considered the factors under 18 U.S.C. § 3553 in reaching his recommended sentence. Mr. McKnight's alleged conduct of possessing and using illegal drugs is similar to this original conviction and prior supervision violations. His conduct shows a pattern of substance abuse that Mr. McKnight cannot overcome. This is the third time the Defendant has violated the terms of his supervised release. One of the primary wrongs in this case is the repeated violation of the Court's trust. Defendant's repeated violations demonstrate to this Court that he does not respect the guidelines placed on him due to this criminal activity and he has no intention to follow such guidelines in the future.

Mr. McKnight has had several opportunities to reprimand his misconduct and motivate behavioral change, however, he has not been successful in overcoming his drug addiction. "The Court agrees with Judge Wier, that McKnight's repeated failings despite the leniency has exhausted the Court's 'good-will,' and as a result, 'serious punitive consequences' must be utilized." [R. 53 at 5.] The Court understands that drug addiction is a serious condition that is difficult to overcome, but the Defendant must be held accountable for his actions. The Court must impose a punishment that deters McKnight's behavior and motivates behavioral change in the future.

During Defendant's allocution hearing, this Court was not convinced that the Defendant understood the nature and seriousness of his violations. These reoccurring crimes emphasize the Defendant's lack of awareness as to the importance of complying with the requirements of this Court in order to protect himself and the public. Judge Stinnett and this Court have emphasized that McKnight's third breach of trust evinced a deliberate and calculated intent to violate the terms of his supervised release. The nature and circumstances of this violation, Judge Stinnett noted, are also troubling: "This Court cannot continue to make empty threats, willfully ignoring McKnight's inability to 'embrace and thrive in a law-abiding, fulfilling life'" and his behavior reflects the same conduct as that in his underlying conviction and first supervised release violation. [*Id*. at 5-6.] He also found that a significant term of imprisonment is warranted to deter this kind of criminal conduct and adequately motivate behavioral change. [*Id.* at 6]. The Court has examined the record and arguments made during the allocution hearing and agrees with Magistrate Judge Stinnett's Recommended Disposition in part.

**III**

In conclusion, after reviewing *de novo* the portions of the record pertaining to this

supervised release, this Court holds that Defendant's objection is **OVERRULED**.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED:**

1.     The **Defendant's Objection [R. 55]** to the Magistrate's Report and Recommendation [R. 53] is **OVERRULED**;

2.     The Magistrate Judge's Report and Recommendation [**R. 53**] is **ADOPTED IN PART** as explained by this order;

3.     Lloyd Antoni McKnight is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3.     McKnight's supervised release is **REVOKED**;

4.     Mr. McKnight is hereby sentenced to the following:

   a.   Six (6) months of incarceration; Defendant shall self-surrender at the **U.S. Marshall's Office** in **Lexington, Kentucky** on **Monday, January 13, 2020**, **no later than 1:00 p.m**.;

   b.   Followed by three (3) months of an inpatient drug treatment program immediately upon release from incarceration; and

   c.   No term of supervision to follow.

5.     Judgment shall issue promptly.

This the 6th day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge